United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SNODGRASS, | No. C 05-3991 MMC (PR) |
| Petitioner, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| A.P. KANE, | (Docket No. 3) |
| Respondent. | |

Petitioner, a California prisoner incarcerated at the California Training Facility Soledad, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the decision by the California Board of Prison Terms ("Board") finding petitioner unsuitable for parole.[1] The Court ordered respondent to show cause why the petition should not be granted. Respondent has filed a motion to dismiss the petition, petitioner has filed an opposition, and respondent has filed a reply.

## BACKGROUND

In 1982, in Contra Costa County Superior Court, petitioner was convicted of second degree murder and sentenced to a term of fifteen years to life in state prison. The Board has denied him parole on ten occasions.

---

[1] Although petitioner initially appeared pro se, he is now represented by counsel.

**DISCUSSION**

**A.     Subject Matter Jurisdiction**

Respondent argues the petition should be dismissed for want of subject matter jurisdiction because petitioner has no federally protected liberty interest in parole. For the reasons set forth below, the Court finds respondent's argument unpersuasive.

While "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence[,]" a state's statutory parole scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutionally protected liberty interest. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7, 11-12 (1979) (finding Nebraska parole statute, providing board "shall" release prisoner subject to certain restrictions, creates due process liberty interest in release on parole); see Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (finding Montana parole statute, providing board "shall" release prisoner subject to certain restrictions, creates due process liberty interest in release on parole). Where such mandatory language is used, a prisoner gains a legitimate expectation in parole that cannot be denied without adequate procedural due process protections. See id. at 373-81; Greenholtz, 442 U.S. at 11-16.

California's parole scheme is set forth in California Penal Code § 3041. Section 3041(b) states that the parole board "shall set a release date unless it determines that the gravity of the current convicted offense or offenses, or the timing and gravity of current or past convicted offense or offenses, is such that consideration of the public safety requires a more lengthy period of incarceration for this individual, and that a parole date, therefore, cannot be fixed at this meeting." Cal. Pen. Code § 3041(b).[2] Respondent's argument that this language does not give rise to a federally protected liberty interest has been rejected by

---

[2] If the Board finds the individual eligible for parole pursuant to § 3041(b), the Board sets a minimum parole eligibility date pursuant to § 3041(a), with the goal of providing uniform terms for individuals with similar offenses. In re. Dannenberg, 34 Cal. 4th 1061, 1098 (Cal. 2005).

the Ninth Circuit on two separate occasions. First, in McQuillion v. Duncan, 306 F.3d 895 (9th Cir. 2002), the Ninth Circuit found § 3041(b) contains the same type of mandatory language as the parole statutes at issue in Allen and Greenholtz, which language, as determined by the Supreme Court, gives rise to a protected liberty interest in release on parole. See McQuillion, 306 F.3d 895 at 901-02. Accordingly, the Ninth Circuit concluded, "California's parole scheme gives rise to a cognizable liberty interest in release on parole." Id. at 902.[3] The following year, in Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003), the Ninth Circuit reaffirmed this holding, finding § 3041(b) contains mandatory language that gives rise to a federally protected liberty interest in release on parole. See id. at 914-16 (finding Board's decision that petitioner was unsuitable for parole implicated his federally protected liberty interest in release on parole). Consequently, the law of this Circuit is that § 3041(b) gives rise to a federally protected liberty interest in release on parole, an interest implicated in the instant case by the Board's determination that petitioner is unsuitable for parole.

Respondent argues that the decisions in Greenholtz and Allen are not applicable to the instant case in light of the Supreme Court's decision in Sandin v. Conner, 515 U.S. 472 (1995). This argument was rejected by the Ninth Circuit in both McQuillion, see 306 F.3d at 903, and Biggs, see 334 F.3d at 914.

Respondent also argues that the decisions in McQuillion and Biggs are no longer applicable in light of the California Supreme Court's more recent decision in In re Dannenberg, 34 Cal. 4th 1061 (Cal. 2005). In Dannenberg, the Board determined Dannenberg to be unsuitable for parole under § 3041(b) based on a finding that the nature of his second degree murder conviction demonstrated a continuing danger to public safety, and without analyzing, pursuant to § 3041(a), whether his term of incarceration conformed to that of other second degree murderers. Id. at 1074-75. The California Supreme Court granted certiorari to decide whether § 3041 prevents the Board from denying parole without conducting the uniformity analysis specified in § 3041(a), see id. at 1077, and held the Board

---

[3]The Ninth Circuit further noted that, in light of Greenholtz and Allen, its holding was based on "clearly established" federal law within the meaning of AEDPA. See id.

need not engage in such an analysis under § 3041(a) if it first determines that public safety concerns require a lengthier period of incarceration, thereby making an inmate unsuitable for parole under § 3041(b). Id. at 1098.

This Court is required to give considerable weight to a state court's definitive interpretation of a state statute. See Gurley v. Rhoden, 421 U.S. 200, 208 (1975). Dannenberg, however, did not decide the question raised herein, namely, whether § 3041(b) gives rise to a protected liberty interest in release on parole. Rather, because it found the language in § 3041 was not "mandatory" with respect to uniformity of release dates under § 3041(a), see Dannenberg, 34 Cal. 4th at 1086-87, the Dannenberg court concluded that a California inmate has no liberty interest in a "uniform parole release date" under § 3041(a). See Dannenberg, 34 Cal. 4th at 1098 n.18. In so holding, Dannenberg did not address the question of whether the language in § 3041(b) contains the kind of mandatory language that creates a federally protected liberty interest in release on parole. Absent some further pronouncement from the California Supreme Court or the Ninth Circuit on that question, this Court follows the decisions in McQuillion and Biggs that the instant unsuitability finding pursuant to § 3041(b) implicates a federally protected liberty interest in release on parole.[4]

Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. § 2254 to decide whether petitioner's Fourteenth Amendment right to due process was violated by the Board's determination that he was not suitable for parole.

## B. **Lack of Specificity**

Respondent also argues that the petition is defective because it does not specify which of the Board's unsuitability decisions is being challenged. According to petitioner, the Board has found him unsuitable for parole on ten different occasions. In his opposition, petitioner

---

[4]The Court notes that district courts in California have reached differing conclusions as to this question. Compare Murillo v. Perez, 2005 WL 2592420 at *3 n.1 (C.D. Cal. Oct. 12, 2005) (finding Dannenberg holding limited to uniform term provision of subsection (a) of § 3041; finding holding in McQuillon, that mandatory language of subsection (b) creates liberty interest, remains unchanged); Saif'ullah v. Carey, 2005 WL 1555389 at * 8 (E.D. Cal. June 28, 2005) (finding, after Dannenberg, liberty interest in parole in California); Hudson v. Kane, 2005 WL 2035590 at * 7 (N.D. Cal. Aug. 23, 2005) (same); with Sass v. California Bd. of Prison Terms, 376 F. Supp. 2d 975, 981 (E.D. Cal. 2005) (finding no protected liberty interest in parole under § 3041 after Dannenberg).

states that he wishes to challenge the Board's 2002 decision. Accordingly, he will be granted leave to file an amended petition in which he specifies which of the Board's unsuitability decisions he wishes to challenge. Petitioner is cautioned that any Board decision he wishes to challenge herein must have been challenged already in the California Supreme Court, and any claims he wishes to raise herein regarding such decision must have been raised already in the California Supreme Court.

## CONCLUSION

In light of the foregoing,

Respondent's motion to dismiss is GRANTED and the petition is DISMISSED WITH LEAVE TO AMEND.

If petitioner wishes to amend the petition, he must file, within **thirty (30) days** of the date this order is filed, an amended petition in which he corrects the deficiencies noted above. The amended petition must include the caption and civil case number used in this order, No. C 05-3991 MMC (PR), and must include the words AMENDED PETITION on the first page. In the amended petition, petitioner must include all the claims he wishes to present; he may not incorporate matters from the original petition by reference.

2. **If petitioner fails to timely amend the petition as ordered herein, this action will be dismissed.**

This order terminates Docket No. 3.

IT IS SO ORDERED.

DATED: February 3, 2006

MAXINE M. CHESNEY
United States District Judge