IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SNODGRASS, ) | No. C 05-3991 MMC |
| Petitioner, ) | **ORDER TO SHOW CAUSE** |
| v. ) | |
| A.P. KANE, ) | |
| Respondent. ) | |

Petitioner, a California prisoner incarcerated at the California Training Facility, Soledad, filed the above-titled amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the determination by the California Board of Prison Terms ("Board") that petitioner is unsuitable for parole.[1]  On October 28, 2005, the Court ordered respondent to show cause why the petition should not be granted.  Thereafter, respondent filed a motion to dismiss the petition.  On February 3, 2006, the Court granted the motion to dismiss, with leave to amend, due to the petition's lack of specificity as to which of the Board's decisions petitioner wished to challenge.  On March 5, 2006, petitioner filed an amended petition.

## BACKGROUND

In 1982, in Contra Costa County Superior Court, petitioner was convicted of second degree murder, and was sentenced to a term of fifteen years to life in state prison.  The Board has denied him parole on ten occasions.  At his November 22, 2002 parole consideration hearing, the Board again denied him parole.  In the instant petition, petitioner expressly

---

[1] Although petitioner initially appeared pro se, he is now represented by counsel.

challenges the Board's November 22, 2002 denial of parole. He has challenged the Board's decision in habeas petitions filed at all three levels of the California courts.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

B.   Legal Claims

Petitioner claims the Board has violated his Constitutional rights by denying him parole without any relevant or material evidence to support its decision that he was a danger to society, and by using an arbitrary and standardless process to determine whether he is eligible for parole. Liberally construed, petitioner states a cognizable claim that the Board has violated his federally protected liberty interest in being released on parole.

**CONCLUSION**

In light of the foregoing, the Court orders as follows:

1.   Respondent shall file with the Court and serve on petitioner, within 60 days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claim. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously that are relevant to a determination of the issues presented by the petition and that

United States District Court
For the Northern District of California

1  have not previously been filed with the Court.

2      If petitioner wishes to respond to the answer, he shall do so by filing a traverse with
3  the Court and serving it on respondent within 30 days of his receipt of the answer.

4      2.  In lieu of an answer, respondent may file, within 60 days of the date this order
5  is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee
6  Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a
7  motion, petitioner shall file with the Court and serve on respondent an opposition or
8  statement of non-opposition within 30 days of receipt of the motion, and respondent shall file
9  with the Court and serve on petitioner a reply within 15 days of receipt of any opposition.

10     3.  Petitioner is reminded that all communications with the Court must be served
11 on respondent by mailing a true copy of the document to respondent's counsel.

12     4.  It is petitioner's responsibility to prosecute this case.  Petitioner must keep the
13 Court and respondent informed of any change of address and must comply with the Court's
14 orders in a timely fashion.  Failure to do so may result in the dismissal of this action for
15 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16     5.  Upon a showing of good cause, requests for a reasonable extension of time will
17 be granted as long as they are filed on or before the deadline which they seek to extend.

18     IT IS SO ORDERED.

19 DATED: June 14, 2006

20                                              _____
                                                 MAXINE M. CHESNEY
                                                 United States District Judge