IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY SNODGRASS,<br><br>　　　　Petitioner,<br><br>　v.<br><br>A.P. KANE,<br><br>　　　　Respondent.　　　　　　　　／ | No. C-05-3991 MMC<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>(Docket No. 15) |

　　　Before the Court is respondent's motion to dismiss petitioner's first amended petition for a writ of habeas corpus, on the ground petitioner has not exhausted the claims set forth therein. Petitioner has filed opposition to the motion, to which respondent has replied. Having considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.

　　　"[A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." Gatlin v. Madding, 189 F.3d 882, 887 (9th Cir. 1999) (quoting 28 U.S.C. § 2254(b)(1)(A)). To exhaust a claim in state court, the petitioner must "fairly present" the substance of the claim to the highest court of the state by including in his state petition a "reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the

petitioner to relief." See id. at 887-88 (finding claim unexhausted where petitioner "adequately described the factual basis for his claim" but failed to identify specific "federal legal basis for his claim"); see also Kelly v. Small, 315 F.3d 1063, 1067-68 (9th Cir. 2003) (holding "state prisoner must describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based"; finding ineffective assistance of counsel claim unexhausted to extent petitioner raised in federal court factual bases for such claim beyond those presented to state court). A petitioner must plead his claims "with considerable specificity before the state courts in order to satisfy the exhaustion requirement." See Rose v. Palmateer, 395 F.3d 1108, 1111 (9th Cir. 2005).

In the instant petition, petitioner alleges the Board of Prison Terms ("Board"), on November 22, 2002, denied him parole in violation of the Fifth and Fourteenth Amendments to the United States Constitution. (See First Amended Petition at 6-8.) In particular, petitioner alleges, the Board's denial of parole violated the Fifth and Fourteenth Amendments because (1) the Board lacked evidence to support its decision that petitioner is a danger to society, (2) the Board's "determination process is arbitrary and standardless," and (3) the Board ignored substantial evidence demonstrating petitioner is not a current risk to public safety. (See id.)

Although petitioner contends the above-referenced claims were exhausted in a habeas petition he filed in the Contra Costa County Superior Court, petitioner has focused on the wrong petition. In order to exhaust the claims raised in the instant petition, petitioner must have raised such claims with the California Supreme Court; if he did not do so, it is irrelevant that he raised them with a lower state court. See Galvan v. Alaska Department of Corrections, 397 F.3d 1198, 1200 (9th Cir. 2005) ("Because [petitioner] did not claim in her petition to the Alaska Supreme Court that her federal constitutional right had been violated, it does not matter what she did in the Alaska Court of Appeals.").

The petition filed by petitioner in the California Supreme Court, (see Motion to Dismiss Ex. 4), does not include the claims set forth in the instant petition. Rather, petitioner raised entirely different theories in the Supreme Court, specifically, that the

2

1  Department of Corrections violated his rights to due process and equal protection under the
2  Fourteenth Amendment, as well as his Eighth Amendment right not to be subjected to cruel
3  and unusual punishment, because the length of his sentence has exceeded the maximum
4  "suggested base term" set forth in the "California Matrix" for persons convicted of second
5  degree murder, and that, as a consequence, he "is now serving the sentence of a First
6  Degree murder which he was not found guilty of."  (See id. Ex. 4 at 7-10.)  Petitioner did not
7  challenge, in his Supreme Court petition, the factual basis for the Board's denial of parole
8  nor did he contend that the Board's procedure for making parole determinations is arbitrary
9  and standardless.  Additionally, as respondent points out, none of the decisions of the
10 California courts denying petitioner's state court petitions, (see Motion to Dismiss Exs. 1-3),
11 reached the merits of any of the claims raised in the instant petition.  See, e.g., Sandgathe
12 v. Maass, 314 F.3d 371, 377 (9th Cir. 2002) (finding no exhaustion defense available where
13 state court opinion actually addressed federal issue even though not raised in petition).
14 Consequently, the Court finds petitioner has not exhausted the claims raised in his federal
15 habeas petition.
16     "The exhaustion rule set forth in 28 U.S.C. § 2254(b) requires district courts to
17 dismiss habeas petitions containing unexhausted claims."  Guillory v. Roe, 329 F.3d 1015
18 (9th Cir. 2003) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)).
19     Accordingly, respondent's motion to dismiss is hereby GRANTED, and petitioner's
20 petition for a writ of habeas corpus is hereby DISMISSED without prejudice.
21     **IT IS SO ORDERED.**
22 Dated: February 1, 2007

                                              MAXINE M. CHESNEY
                                              United States District Judge