1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   GARY SNODGRASS,                              No. C-05-3991 MMC

12              Petitioner,                       **ORDER DENYING PETITIONER'S**
                                                  **MOTION FOR RECONSIDERATION**
13      v.
                                                  (Docket No. 26 )
14   A.P. KANE,

15              Respondent.
     _____/

16

17        On February 1, 2007, the Court issued an order granting respondent's motion to

18   dismiss petitioner's first amended petition for a writ of habeas corpus, on the ground

19   petitioner had not exhausted the claims set forth therein.  On the following date,

20   February 2, 2007, the Court entered judgment for respondent.  Thereafter, petitioner filed a

21   motion for leave to file a second amended petition; on February 8, 2007, the Court denied

22   the motion, on the ground petitioner had not explained how the proposed petition cured the

23   defect identified in the Court's order of February 1, 2007.

24        Before the Court is petitioner's motion for reconsideration of the Court's denial of

25   petitioner's motion for leave to file a second amended petition, which the Court construes

26   as a motion under Rules 59(e) and 60 of the Federal Rules of Civil Procedure.[1]  Petitioner

27   _____

28        [1] After final judgment has been entered, "a motion to amend the complaint can only
     be entertained if the judgment is first reopened under a motion brought under Rule 59 or
     60."  See Lindauer v. Rogers, 91 F.3d 1355, 1357 (9th Cir. 1996).

seeks leave to amend to reinstate his Apprendi[2] claim, which was included in the original

petition, but intentionally omitted from the first amended petition.  No opposition or reply

has been filed.  Having considered the papers submitted in support of the motion, the court

rules as follows:

　　　　1.  Although relief is appropriate under Rule 59(e) if "there is an intervening change

in controlling law,"[3] see Circuit City Stores, Inc. v. Mantor, 417 F.3d 1060, 1064 n.1 (9th Cir.

2005) (internal quotation and citation omitted), petitioner's contention that Cunningham v.

California, 127 S. Ct. 856 (2007) "placed [his] Apprendi claim in a more clear light for

reinstatement," (see Motion to Reconsider ¶ 8), is unpersuasive.  Cunningham did not

affect petitioner's claim that the California Board of Prison Terms violated his Sixth and

Fourteenth Amendment rights by denying him parole.  See Cunningham, 127 S. Ct. at 871

(holding California's determinate sentencing law violates the Sixth and Fourteenth

Amendments because it "authorizes the judge, not the jury," to find facts permitting upper

term sentence).  Consequently, there is no "intervening change in controlling law" and,

accordingly, petitioner is not entitled to relief under Rule 59.  See Circuit City Stores, Inc.,

417 F.3d at 1064 n.1.

　　　　2.  Because petitioner affirmatively withdrew the Apprendi claim from his original

petition, (see Motion to Reconsider ¶ 3; see also Pet.'s Opp. to Resp.'s Motion to Dismiss,

filed Dec. 23, 2005, at 4:16-17), he is not entitled to relief from judgment under Rule 60, as

there is no showing of mistake, inadvertence, surprise, or excusable neglect.[4]  See Fed. R.

Civ. P 60(b)(1); see also Latshaw v. Trainer Wortham & Co., 452 F.3d 1097, 1101 (9th Cir.

2006) ("Rule 60(b)(1) is not intended to remedy the effects of a litigation decision that a

---

[2] Petitioner alleges the California Board of Prison Terms "transformed his Second Degree Murder sentence into a First Degree Murder sentence or a Life Without Possibility of Parole Sentence" in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000).  (See Pet.'s [Proposed] Second Amended Petition for Writ of Habeas Corpus at 15:8-15.)

[3] Petitioner does not contend relief is appropriate because of newly discovered evidence or clear error.  See Circuit City Stores, Inc., 417 F.3d at 1064 n.1.

[4] Petitioner does not contend there was clerical error, newly discovered evidence, fraud, or that any other ground under Rule 60 would apply.  See Fed. R. Civ. P. 60.

2

1   party later comes to regret"; noting "parties should be bound by and accountable for the

2   deliberate actions of themselves and their chosen counsel").

3       3.  Petitioner's alternative request, that the Court order a stay and abeyance to

4   afford him the opportunity to exhaust the claims raised in the first amended petition, is

5   unsupported by law.  Although a district court may "stay fully exhausted federal petitions

6   pending exhaustion of other claims," see Anthony v. Cambra, 236 F.3d 568, 575 (9th Cir.

7   2000), none of the claims in the first amended petition, as discussed in the Court's

8   February 1, 2007 order granting respondent's motion to dismiss, have been exhausted.

9       Accordingly, petitioner's motion is hereby DENIED.

10      **IT IS SO ORDERED.**

11  Dated: April 30, 2007

12  MAXINE M. CHESNEY
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3